# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GULF COAST HEALTH CARE, LLC, *et al.*, | Case No. 21-11336 (KBO) |
| Debtors. | (Jointly Administered) |
| BELFOR USA GROUP, INC., | |
| Plaintiff, | Adv. Proc. No. 22-50355 (KBO) |
| v. | **Re: Adv. Docket Nos. 4 & 21** |
| GULF COAST HEALTH CARE, LLC, NF GLEN COVE, LLC d/b/a GLENCOVE HEALTH AND REHABILITATION CENTER, | |
| Defendants. | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## TO DISMISS AMENDED ADVERSARY COMPLAINT

Dated: September 21, 2022

Christopher M. Samis (No. 4909)
R. Stephen McNeill (No. 5210)
Andrew L. Brown (No. 6766)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
  rmcneill@potteranderson.com
  abrown@potteranderson.com

*Counsel to the Defendants*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS............................ 2

STATEMENT OF FACTS ......................................................................................................... 2

MOTION TO DISMISS STANDARD...................................................................................... 3

ARGUMENT .............................................................................................................................. 4

    I.    Plaintiff Is Not Entitled to Declaratory Relief .................................................... 4

    II.    Plaintiff Is Not Entitled to a Constructive Trust ................................................ 5

        1.    Plaintiff's constructive trust claim fails because an express contract governs the subject matter of this dispute .................................................................................. 5

        2.    Plaintiff failed to plead the elements of a constructive trust ...................... 9

    III.    Plaintiff is not Entitled to an Accounting ........................................................ 10

CONCLUSION......................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abruzzo v. Haller*,
   603 So. 2d 1338 (Fla. Dist. Ct. App. 1992) ................................................................................4

*AM General Holdings LLC v. Renco Group, Inc.*,
   2013 WL 5863010 (Del. Ch. Oct. 31, 2013) ................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................................4

*Crawley-Kitzman v. Hernandez*,
   324 So. 3d 968 (Fla. Dist. Ct. App. 2021) ................................................................................5, 9

*Diamond "S" Dev. Corp. v. Mercantile Bank*,
   989 So. 2d 696 (Fla. Dist. Ct. App. 2008) ................................................................................ 5-6

*Finkelstein v. Se. Bank, N.A.*,
   490 So. 2d 976 (Fla. Dist. Ct. App. 1986) ................................................................................10

*Fleet Advantage, LLC v. Mishoe*,
   2013 WL 12140958 (S.D. Fla. Apr. 23, 2013) ..........................................................................11

*Gersh v. Cofman*,
   769 So. 2d 407 (Fla. Dist. Ct. App. 2000) ................................................................................10

*Halpert v. Oleksy*,
   65 So. 2d 762 (Fla. 1953)..............................................................................................................4

*In re Catholic Diocese of Wilmington, Inc.*,
   432 B.R. 135 (Bankr. D. Del. 2010) ..........................................................................................10

*In re Pearlman*,
   2013 WL 5596321 (Bankr. M.D. Fla. 2013) ...............................................................................8

*In re Ward*,
   558 B.R. 7711 (Bankr. N.D. Tex. 2016)......................................................................................8

*Kee v. Nat'l Reserve Life Ins. Co.*,
   918 F.2d 1538 (11th Cir. 1990) .................................................................................................11

*Kelner v. Woody*,
   399 So. 2d 35 (Fla. Dist. Ct. App. 1981) ................................................................................4, 5

*Kovtan v. Frederiksen*,
    449 So. 2d 1 (Fla. Dist. Ct. App. 1984) ...................................................................................6

*Kuroda v. SPJS Holdings, L.L.C*,
    971 A.2d 872 (Del. Ch. Apr. 15, 2009) ...................................................................................6

*Lanz v. Resolution Trust Corp.*,
    764 F. Supp. 176 (S.D. Fla. May 20, 1991) .......................................................................9, 10

*Mary Dee's, Inc. v. Tartamella*,
    492 So. 2d 815 (Fla. Dist. Ct. App. 1986) ........................................................................ 11-12

*Ocean Commc'ns, Inc. v. Bubeck*,
    956 So. 2d 1222 (Fla. Dist. Ct. App. 2007) .............................................................................6

*Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.*,
    667 So.2d 876 (Fla. Dist. Ct. App. 1996) ................................................................................7

*Saporta v. Saporta*,
    766 So. 2d 379 (Fla. Dist. Ct. App. 2000) ...............................................................................5

*Smith v. Jacksonville Terminal Employees Federal Credit Union*,
    193 So. 2d 436 (Fla. Dist. Ct. App. 1967) .............................................................................12

*Wilson v. EverBank, N.A.*,
    77 F. Supp. 3d 1202 (S.D. Fla. 2015) ......................................................................................6

**OTHER AUTHORITIES**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ........................................................................ 3-4

## INTRODUCTION

This is an adversary proceeding arising out of the chapter 11 bankruptcy filings by Defendants Gulf Coast Health Care, LLC ("Gulf Coast") and NF Glen Cove, LLC d/b/a Glencove Health and Rehabilitation Center ("Glencove," and together with Gulf Coast, the "Defendants"). Anthony M. Saccullo of Saccullo Business Consulting, LLC, solely in his capacity as the Litigation Claimants Trustee of the Litigation Claimants Trust (the "Trustee"), as successor-in-interest to the Defendants, moves to dismiss Plaintiff BELFOR USA Group, Inc.'s ("Plaintiff" or "BELFOR") Amended Complaint for Imposition of Constructive Trust and for an Accounting (Docket No. 4) (the "Complaint").

This dispute stems from that certain Florida Work Authorization Contract dated October 18, 2018 between Gulf Coast and BELFOR (the "Contract")[1] to address damages suffered from Hurricane Michael at Defendants' skilled nursing facility called Glencove Health and Rehabilitation Center in Florida. BELFOR claims that it is owed approximately $3,905,520.47 for work performed by BELFOR pursuant to the Contract. Specifically, BELFOR alleges that it is entitled to proceeds paid to Defendants by Defendants' insurers in connection with the loss at the Glencove Health and Rehabilitation Center.

The heart of this dispute is that Defendants allegedly breached the terms of the Contract by failing or refusing to pay BELFOR for the balance owed under the Contract and/or failing or refusing to pay to BELFOR all proceeds received from Defendants' insurers for the work performed by BELFOR under the Contract. Tellingly, BELFOR does not include a breach of

---

[1] A copy of the Contract is attached to the Complaint as Exhibit A.

contract claim in the Complaint, presumably in an effort avoid the reality that it is simply a general unsecured creditor entitled to its pro rata treatment under the Defendants' plan.

Rather than accept its fate as the holder of a breach of contract claim, BELFOR, instead, seeks the extraordinary equitable remedies of declaratory relief, imposition of a constructive trust, and an accounting. As set forth below, the entirety of the Complaint must be dismissed because the presence of an express contract governing the subject matter of this dispute precludes all of BELFOR's equitable claims, and the Complaint fails to state claims upon which relief may be granted.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This is an adversary proceeding arising out of the chapter 11 bankruptcy filing by Defendants in the United States Bankruptcy Court for the District of Delaware, styled *In re Gulf Coast Health Care, LLC, et. al* (Case Number 21-11336 (KBO)). Plaintiff filed the Complaint on May 24, 2022, purporting to assert claims for declaratory judgment, constructive trust, and accounting.

This is Defendants' Opening Brief in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

Gulf Coast and its subsidiaries and affiliates are licensed operators of skilled nursing facilities across Florida, Georgia, and Mississippi, providing short-term rehabilitation, comprehensive post-acute skilled care, long-term care, assisted living, and therapy services in each

of the facilities. Gulf Coast's subsidiary Glencove is a Florida Limited Liability Company that operated Glencove Health and Rehabilitation Center in Panama City, Florida (the "Property").

In October 2018, the Property suffered damages due to Hurricane Michael. Thereafter, to address the damage suffered at the Property, Gulf Coast entered into the Contract with BELFOR for emergency mitigation and remediation services (the "Work"). (Am. Compl. ¶ 9, Ex. A). BELFOR is a general contractor, specializing in restoration contracting and disaster remediation. (*Id.* ¶ 1).

Pursuant to the Contract, Gulf Coast assigned to BELFOR its "right, title, and interest to any insurance proceeds, checks, or drafts for work and materials furnished by BELFOR." (*Id.* ¶ 12, Ex. A at ¶8 (a)–Assignment and Authorization).

Between October 18, 2018 and February 27, 2019, BELFOR provided labor, materials, and the Work. BELFOR issued invoices to Defendants totaling approximately $3,905,520.47. (*Id.* ¶ 16, Ex. B).

BELFOR alleges that it has not received payment for the Work and is owed the sum of approximately $3,905,520.47, plus interest and attorney's fees. (*Id.* ¶ 17–18). According to BELFOR, "[u]pon information and belief," Defendants received at least $4,911,059.30 from their insurer in connection with the damage caused to the Property and to some extent the Work completed by BELFOR to remediate and improve the Property. (*Id.* ¶ 20). BELFOR alleges that Defendants failed to pay BELFOR any of the insurance proceeds received from their insurer. (*Id.* ¶ 21–23).

## **MOTION TO DISMISS STANDARD**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a claim if the allegations in the complaint fail to state a claim upon which can be granted. *See*

3

Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss the factual allegations contained therein "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It cannot rely on "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Instead, it must contain enough factual "heft" to show that a plaintiff "is entitled to relief." *Id*. at 557. Plausibility is the key; a plaintiff must offer factual allegations that "nudge" its claim "across the line from conceivable to plausible." *Id*. at 570.

## ARGUMENT

### I.     PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF.

In Count I, Plaintiff seeks a declaration of its rights under the Contract "as to its rights and ownership status concerning the insurance proceeds" and a declaration of its rights under the Contract regarding its "entitlement to a reasonable award of expenses and attorney's fees in connection with this action." Plaintiff's claim for declaratory judgment fails as a matter of law and should be dismissed because the terms of the Contract are plain and unambiguous. Accordingly, Plaintiff's proper path, if any, is to bring a breach of contract claim. Instead, Plaintiff is "actually seeking legal advice from the court as to the correct procedure to follow in litigating this case." *Kelner v. Woody*, 399 So. 2d 35, 38 (Fla. Dist. Ct. App. 1981). "The declaratory judgment act is not to be used as a tool to advise attorneys as to the proper path to pursue." *Id.*

Further, declaratory relief is unnecessary "for the determination of purely factual issues under an instrument that is clear and unambiguous and presents no need for construction." *Id.*; *see also Halpert v. Oleksy*, 65 So. 2d 762, 763 (Fla. 1953) ("Doubt, because of disputed questions of fact alone, is not sufficient."); *Abruzzo v. Haller*, 603 So. 2d 1338, 1339 (Fla. Dist. Ct. App. 1992) ("A declaratory judgment is not available to settle factual issues bearing on liability under a contract which is clear and unambiguous and which presents no need for its construction."). While

"the existence of other remedies does not preclude declaratory judgment, it does bear on the proper exercise of the court's discretion in granting such relief, and the court may decline to grant a declaratory decree where more appropriate redress is available." *Kelner*, 399 So. 2d at 38. Here, Plaintiff's claim is for nothing more than a breach of contract and Plaintiff's claim for declaratory relief should be dismissed.

## II.   PLAINTIFF IS NOT ENTITLED TO A CONSTRUCTIVE TRUST.

Plaintiff seeks the imposition of a constructive trust against Defendants for all payments and proceeds received by Defendants from their insurers in connection with the Work furnished by BELFOR. Plaintiff has failed to plead that it is entitled to the equitable remedy of a constructive trust, which requires: (1) the existence of a promise express or implied, (2) transfer of the property and reliance thereon, (3) the existence of a confidential relationship, and (4) unjust enrichment. *Crawley-Kitzman v. Hernandez*, 324 So. 3d 968, 975–76 (Fla. Dist. Ct. App. 2021). A constructive trust is "a remedial device with the dual objectives of restoring property to its rightful owner and preventing unjust enrichment." *Saporta v. Saporta*, 766 So. 2d 379, 382 (Fla. Dist. Ct. App. 2000).

### 1.   Plaintiff's constructive trust claim fails because an express contract governs the subject matter of this dispute.

Plaintiff's claim for constructive trust must be dismissed for failure to state an independent cause of action. A constructive trust "is not a traditional cause of action," but is merely an extraordinary equitable remedy that "must be based upon an established caused of action." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008) (citing *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. Dist. Ct. App. 2005)). This is fatal to Plaintiff's claim for a constructive trust because Plaintiff is unable to state a claim for unjust

5

enrichment, and, therefore, it has no constructive trust remedy. *Id.*

It is well established that the presence of an express contract precludes a claim for unjust enrichment. *Diamond "S" Dev. Corp.*, 989 So. 2d at 697; *Ocean Commc'ns, Inc. v. Bubeck,* 956 So. 2d 1222, 1225 (Fla. Dist. Ct. App. 2007) ("Defendants correctly state that a plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists."); *Kovtan v. Frederiksen,* 449 So. 2d 1 (Fla. Dist. Ct. App. 1984). Here, Plaintiff cannot pursue a quasi-contract claim for unjust enrichment because an express contract exists concerning the same subject matter—whether Defendants failed and/or refused to pay BELFOR for the balance owed under the Contract and Invoices and/or whether BELFOR is entitled to the proceeds allegedly received from Defendants' insurers for the work performed by BELFOR. Accordingly, because Plaintiff cannot establish a cause of action for unjust enrichment against the Defendants, Plaintiff has no constructive trust remedy.

Although Plaintiff could attempt to argue that Glencove is not a party to the Contract and thus could properly assert an unjust enrichment claim,[2] Plaintiff has waived that argument by its actions. Throughout the Complaint, Plaintiff asserts that the "Defendants" failed to take certain actions, including paying Plaintiff for its work and turning over the insurance proceeds. Moreover, Plaintiff invoiced Glencove directly for work it performed under the Contract. *See* Am. Compl. Ex. B. Plaintiff's actions clearly demonstrate that it viewed the Defendants as a single entity and

---

[2] *See, e.g.*, *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1235–36 (S.D. Fla. 2015). Delaware law is opposite and would bar such claims as a matter of law. "If unjust enrichment arises from a relationship governed by contract, then that contract 'alone must provide the measure of the plaintiff's rights.' Furthermore, the contractual remedies remain the sole remedies even if the claim of unjust enrichment is alleged against a party who is not a party to the contract." *AM General Holdings LLC v. Renco Group, Inc.*, 2013 WL 5863010, at *15 (Del. Ch. Oct. 31, 2013); s*ee also Kuroda v. SPJS Holdings, L.L.C,* 971 A.2d 872, 891 (Del. Ch. Apr. 15, 2009) (dismissing unjust enrichment claims against non-party defendants "because unjust enrichment cannot be used 'to circumvent basic contract principles [recognizing] that a person not a party to [a] contract cannot be held liable to it'").

treated them as such for purposes of the Contract; Plaintiff cannot now backtrack on its actions and allegations to keep its misplead allegations alive.

Indeed, Plaintiff does not even attempt to assert an unjust enrichment claim against Glencove. To establish a claim of unjust enrichment, Plaintiff must plead that: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.*, 667 So.2d 876, 879 (Fla. Dist. Ct. App. 1996). Here, Plaintiff fails to make any allegations against Glencove that would satisfy any of these factors. Because Plaintiff does not allege that Glencove was unjustly enriched, its claim for constructive trust against Glencove must likewise fail.

Even if the Court finds that Plaintiff sufficiently plead that Glencove was unjustly enriched, that argument would be foreclosed by the substantive consolidation of the Defendants that was approved by this Court. *See, e.g.*, Confirmation Order, [Docket No. 1424]. Defendants' Second Amended Joint Plan of Liquidation ("Modified Plan") states:

> The Plan contemplates and is predicated upon entry of an order substantively consolidating the Debtors' Estates and Chapter 11 Cases for all purposes, including voting, Distribution, and Confirmation. On the Effective Date, (a) all Intercompany Claims between the Debtors shall be eliminated; (b) all assets and liabilities of the Affiliate Debtors shall be merged or treated as if they were merged with the assets and liabilities of Gulf Coast; (c) any obligation of a Debtor and any guarantee thereof by another Debtor shall be deemed to be one obligation of Gulf Coast, and any such guarantee shall be eliminated; (d) each Claim Filed or to be Filed against any Debtor shall be deemed Filed only against Gulf Coast and shall be deemed a single Claim against and a single obligation of Gulf Coast; and (e) any joint or several liability of the Debtors shall be deemed one obligation of Gulf Coast. On the Effective Date, and in accordance with the terms of the Plan and the consolidation of the assets and liabilities of the Debtors, all Claims based upon guarantees of collection, payment, or

7

> performance made by one Debtor as to the obligations of another Debtor shall be released and of no further force and effect.

*Id.* at Ex. A., § V.B.2.

In its Confirmation Order, this Court stated that "(i) no class of creditors or interest holders is disadvantaged by the substantive consolidation of the debtors and their estates and (ii) substantive consolidation of the Debtors and their Estates is justified, appropriate, and in the best interests of the Debtors, their Estates, creditors, and all other parties-in-interest." *Id.* at ¶ EE. Because the assets, liabilities, and claims against the Defendants have all been substantively consolidated, any separate claim that Plaintiff may have against Glencove can only be asserted against Gulf Coast post-confirmation. This eliminates any potential claim for constructive trust, even if such a claim would have existed pre-confirmation. *In re Ward*, 558 B.R. 771, 79091 (Bankr. N.D. Tex. 2016) ("And if this Court ultimately orders substantive consolidation, the constructive trust claim would be moot because [defendant's] assets would be consolidated into Lloyd's bankruptcy estate and there would be nothing upon which to impose a constructive trust in Plaintiff's favor."); *see also In re Pearlman*, 2013 WL 5596321, at *3 (Bankr. M.D. Fla. 2013) (holding that "the substantive consolidation rendered [constructive fraud and unjust enrichment claims] unviable" when the Trustee tried to "claw back those payments on the 'wrong payor' theory of recovery"). Plaintiff's unjust enrichment claim fails either because it is barred by the presence of the Contract or because Glencove's assets were substantively consolidated into Gulf Coast's assets and any claims against Glencove must now be asserted against Gulf Coast, who is the counterparty to the Contract. Accordingly, Plaintiff cannot establish a cause of action for unjust enrichment, and Plaintiff has no constructive trust remedy.

**2. Plaintiff failed to plead the elements of a constructive trust.**

Likewise, Plaintiff's constructive trust claim must be dismissed for failure to plead the elements of a claim for constructive trust. To meet the threshold pleading requirements of a constructive trust, Plaintiff must plead: (1) the existence of a promise express or implied, (2) transfer of the property and reliance thereon, (3) the existence of a confidential relationship, and (4) unjust enrichment. *Crawley-Kitzman v. Hernandez*, 324 So. 3d 968, 975–76 (Fla. Dist. Ct. App. 2021).

First, as discussed above, Plaintiff has not and cannot allege an unjust enrichment because an express contract exists concerning the same subject matter at issue. For this reason alone, the constructive trust claim fails.

Plaintiff has also failed to allege the existence of a confidential or fiduciary relationship. Rather, Plaintiff has merely alleged a contractual relationship between Defendants and Plaintiff, which is the result of an arm's length negotiation between the parties. Because Plaintiff has failed to allege that any duty exists between the parties which is distinct from the obligations set forth in the parties' contract, Plaintiff cannot establish the existence of a confidential or fiduciary relationship. *See Lanz v. Resolution Trust Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. May 20, 1991) ("In order for a confidential or fiduciary relationship to exist under Florida law, there must be substantial evidence showing some dependency by one party and some undertaking by the other party to advise, counsel, and protect the weaker party.").

Further, Plaintiff has failed to identify specific property or funds upon which a constructive trust may be attached. Plaintiff's attempt to impose a constructive trust generally on Defendants' assets to recover payments and proceeds allegedly received by Defendants from their insurers is insufficient. "Mere breach of contract or other wrongdoing does not entitle a plaintiff to a

constructive trust on a defendant's general assets to be used to satisfy a plaintiff's claim." *Finkelstein v. Se. Bank, N.A.*, 490 So. 2d 976, 983 (Fla. Dist. Ct. App. 1986). Instead, there must be "particular property upon which attachment by trust can fairly be obtained." *Id.*; *see also Gersh v. Cofman*, 769 So. 2d 407, 409 (Fla. Dist. Ct. App. 2000) (affirming that the constructive trust claim failed because "there was no specific and identifiable trust property that could be traced in the assets of the defendants").

Finally, Delaware courts have held that as the alleged beneficiaries of a constructive trust, Plaintiff "bear[s] the burden of (1) demonstrating that the trust relationship and its legal source exist, and (2) identifying and tracing the trust funds if they have been commingled with non-trust funds." *In re Catholic Diocese of Wilmington, Inc.*, 432 B.R. 135, 147 (Bankr. D. Del. 2010). As discussed above, Plaintiff has failed to plead the existence of a confidential or fiduciary relationship. *Lanz v. Resolution Trust Corp.*, 764 F. Supp. at 179 (S.D. Fla. May 20, 1991). Likewise, Plaintiff has failed to allege either that the Defendants did, or were even required to, hold the insurance proceeds for Plaintiff separate from its general assets[3] or that it will be able to trace those funds after they were commingled with the Defendants' general funds (which have now also been commingled by operation of substantive consolidation).

### III.   PLAINTIFF IS NOT ENTITLED TO AN ACCOUNTING

In Count III of the Complaint, Plaintiff claims that it is "entitled to an accounting regarding all of the insurance proceeds paid to the Defendants in connection with the loss caused by Hurricane Michael and the Work provided by BELFOR to remediate the Property." (Am. Compl.

---

[3] Section 8 of the Contract requires the Defendants to assign their insurance rights to Plaintiff and to "endorse and tender" to Plaintiff any checks received from the insurer. Defendants alleged failure to do either of these things renders them in breach of contract, not liable to hold such funds in trust for Plaintiff.

10

¶ 73). Plaintiff's claim for accounting should be dismissed because Plaintiff has failed to allege the elements of a claim for accounting.

A party seeking an equitable accounting must plead that: "1) the parties share a fiduciary relationship or that the questioned transactions are complex, and 2) a remedy at law is inadequate." *Fleet Advantage, LLC v. Mishoe*, 2013 WL 12140958, at *1 (S.D. Fla. Apr. 23, 2013) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071 (11th Cir. 2007)). "A claim for equitable accounting should be dismissed where the evidentiary facts alleged in a complaint show neither complexity nor inadequacy of a legal remedy," or "when the party seeking the accounting has the opportunity to establish its damages through discovery." *Id* (citing *Managed Care Solutions, Inc. v. Essent Health Care, Inc.*, 694 F. Supp. 2d 1275, 1280 (S.D. Fla. 2010)).

Here, Plaintiff has not alleged any of the necessary elements of an accounting claim. Plaintiff has not alleged that the parties share a fiduciary relationship, instead, Plaintiff merely alleges that a contractual relationship exists between Defendants and Plaintiff. Moreover, the allegations of the Complaint, on their face, show neither complexity nor inadequacy of a legal remedy. Plaintiff merely alleges that it is "entitled to an accounting regarding all of the insurance proceeds paid to the Defendants in connection with the loss caused by Hurricane Michael and the Work provided by BELFOR to remediate the Property."

Finally, Plaintiff has not alleged that its legal remedy is inadequate. To the contrary, this is an action at law based on an alleged breach of the Contract. Even if no breach of contract claim is brought, there is an adequate remedy at law "[w]hen a judgment for breach of contract is obtainable," *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1541 (11th Cir. 1990); *see Mary Dee's, Inc. v. Tartamella,* 492 So. 2d 815, 816 (Fla. Dist. Ct. App. 1986) ("We agree with the

11

defendants that the plaintiffs had an adequate remedy at law because they could obtain a money judgment against the defendants."). Here, Plaintiff has a remedy at law—damages for breach of the Contract.

*Smith v. Jacksonville Terminal Employees Federal Credit Union*, 193 So. 2d 436 (Fla. Dist. Ct. App. 1967) is instructive. In that case, the plaintiff sought declaratory relief, "together with an accounting, injunctive and other relief" based on his rights under an insurance contract. Florida's District Court of Appeal held that "[n]o justiciable issues between plaintiff and defendants [were] sufficiently alleged, and it affirmatively appear[ed] that plaintiff's cause of action, if any, [was] at law on the insurance contract referred to in the complaints[.]" *Id.* Likewise, Plaintiff's cause of action here, if any, is at law based on the Contract, which is repeatedly referenced, relied upon, and attached to its Complaint.

Accordingly, Plaintiff's claim for accounting should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request an order dismissing Plaintiff's Complaint.

Dated: September 21, 2022  
       Wilmington, Delaware

Respectfully submitted,

/s/ *R. Stephen McNeill*
Christopher M. Samis (No. 4909)
R. Stephen McNeill (No. 5210)
Andrew L. Brown (No. 6766)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
       rmcneill@potteranderson.com
       abrown@potteranderson.com

*Counsel to the Defendants*